**NOT FOR PUBLICATION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ian Greig and Sandra Greig, | No. CV-14-00882-PHX-SRB |
| Plaintiffs, | **ORDER** |
| v. | |
| US Airways Incorporated, et al., | |
| Defendants. | |

The Court now considers Plaintiffs' Motion to Remand ("MTR") (Doc. 18).

**I.      BACKGROUND**

This case concerns tort and contract claims brought by Plaintiffs Ian and Sandra Greig stemming from the crash landing of US Airways Flight 1702 departing from Philadelphia with the intended destination of Fort Lauderdale. (*See* Doc. 1, Ex. A, Compl. ¶¶ 1-45.) The flight never reached Fort Lauderdale due to complications during takeoff, which required the flight crew to perform an emergency landing back on the runway after the plane had ascended only twenty to forty feet. (*Id.* ¶¶ 9-10.) The plane crashed into the runway after the nose landing gear failed. (*Id.* ¶ 11.) Plaintiffs purportedly suffered emotional and physical injuries from the crash landing, bringing claims for negligence (Count One), negligence per se (Count Two), and breach of contract (Count Three) in state court against Defendants. (*Id.* ¶¶ 6-39.) Defendants subsequently removed the lawsuit to this Court based on federal question jurisdiction and diversity jurisdiction. (*See* Doc. 1, Defs.' Notice of Removal ¶¶ 1-7.) After screening the

Notice of Removal, the Court ordered Defendants to show cause why the case should not be remanded to state court for lack of jurisdiction. (Doc. 5, Apr. 29, 2014 Order at 1.)[1] Defendants filed a Brief in Support of Federal Jurisdiction in which they argued that removal was proper because "the case arises under an international treaty [(the Montreal Convention)] to which the United States is a party and that treaty completely preempts all state law claims." (Doc. 6, Def. US Airways' Br. in Supp. of Federal Jurisdiction/Resp. to Order to Show Cause ("US Airways' Br.") at 1.) Plaintiffs have since moved to remand the case to state court. (*See* MTR at 1-17.)

## II. LEGAL STANDARDS AND ANALYSIS

"Under 28 U.S.C. § 1441, a defendant may generally remove a civil action from state court to federal district court if the district court would have had subject matter jurisdiction had the action been originally filed in that court . . . ." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1124 (9th Cir. 2013). Federal question jurisdiction exists only if a federal question is presented on the face of a properly pleaded complaint. *Caterpillar, Inc., v. Williams*, 482 U.S. 386, 392 (1987). An affirmative defense raising a federal question is insufficient to confer federal question jurisdiction. *Effects Assocs., Inc. v. Cohen*, 817 F.2d 72, 73 (9th Cir. 1987). The doctrine of complete preemption is a narrow corollary to the well-pleaded complaint rule. *Balcorta v. Twentieth Century Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000). Under the complete preemption doctrine, "the preemptive force of some statutes is so strong that they completely preempt an area of state law" and give rise to federal question jurisdiction. *Id.* (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987);

---

[1] The Court noted that removal could not be based exclusively on the parties' diversity of citizenship since Defendants' principal place of business in Arizona makes them citizens of the forum state. (*See id.*); 28 U.S.C. 1441(b)(2) (a civil action cannot be removed on diversity grounds "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"). Defendants concede that removal on diversity grounds is improper here. (Doc. 14, Def. US Airways' Br. in Opp'n to Pls.' MTR ("US Airways' Opp'n") at 4 n.4.) The Court also noted that although "Defendants also claim[ed] federal question jurisdiction by asserting Plaintiffs' injuries were sustained during an international journey[,] . . . Plaintiffs' complaint allege[d] travel between Philadelphia, PA and Fort Lauderdale, FL [only]." (Apr. 29, 2014 Order at 1.)

*Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 24 (1983)). "The test is whether Congress clearly manifested an intent to convert state law claims into federal-question claims." *Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 668 (9th Cir. 1993). "If so, then the cause of action necessarily arises under federal law and the case is removable." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 9 (2003).

A federal question does not appear on the face of the Complaint. Defendants argue that removal is proper because Flight 1702 was part of a larger international journey and the Montreal Convention completely displaces state law claims made against air carriers for flights involving "international carriage," making removal proper under the complete preemption doctrine. (*See* US Airways' Opp'n at 4-15.) The Montreal Convention, the successor to the Warsaw Convention, is intended to promote uniformity in the laws governing air carrier liability and "applies to all international carriage of persons, baggage or cargo performed by aircraft." *See* Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (Montreal Convention), art. 1(1), *reprinted in* S. Treaty Doc. No. 106-45, 1999 WL 33292734. It sets forth a liability scheme for passenger claims for personal injury, wrongful death, loss or damage to baggage or goods, and damages caused by transportation delays. *See id.* arts. 17-19. Article 29 of the Montreal Convention limits actions for damages by providing:

> In the carriage of passengers, baggage and cargo, any action for damages, however founded, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention without prejudice to the question as to who are the persons who have the right to bring suit and what are their respective rights.

*Id.* art. 29. "[T]he Montreal Convention represent[ed] a significant shift away from a treaty [(the Warsaw Convention)] that primarily favored airlines to one that continues to protect airlines from crippling liability, but shows increased concern for the rights of passengers and shippers." *Weiss v. El Al Israel Airlines, Ltd.*, 433 F. Supp. 2d 361, 365 (S.D.N.Y. 2006), *aff'd*, 309 F. App'x 483 (2d Cir. 2009).

The phrase "international carriage" encompasses international trips between

specific places of departure and destination, regardless of any intervening domestic stopovers. *See* Montreal Convention art. 1(2) (specifying that "international carriage" includes trips involving a domestic flight if, "according to the agreement between the parties," the domestic flight is a stopping place within a longer international journey between signatory nations). The Complaint refers to Plaintiffs' residency in Ireland and that they are seeking to recover "a loss of expenses with regard to their vacation to the U.S. Virgin Islands from Northern Ireland, United Kingdom." (Compl. ¶¶ 2, 45.) While the clear implication of these allegations is that Flight 1702 was part of their vacation travels, these allegations do not establish that US Airways had involvement in the overseas flights to and from Ireland. In responding to the order to show cause, Defendants relied on inadmissible evidence to establish that Flight 1702 was part of a multi-flight itinerary that started and ended in Dublin, Ireland, with domestic waypoints in Philadelphia and Fort Lauderdale. (*See* US Airways' Br., Ex. A, Decl. of John Lyerly in Supp. of Defs.' Br. Regarding Federal Jurisdiction/Resp. to OSC ("Decl. of John Lyerly").)[2] Defendants therefore failed to show that the Montreal Convention applies to the claims asserted here. Even if they had, Defendants are unable to show that the Montreal Convention completely preempts state law claims to provide an exclusive remedy for lawsuits against air carriers involving international air transportation.

The Supreme Court and the Ninth Circuit have not considered what, if any, preemptive effect the Montreal Convention has on state law claims, but this issue has generated a significant split in federal case law. *See Gamson v. British Airways, PLC*, No, CV 14-527(JEB), 2014 WL 2527487, at *2-3 (D.D.C. June 5, 2014) (summarizing the conflicting case law). The parties expend considerable effort in advancing their respective interpretations of *El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155 (1999), and

---

[2] Mr. Lyerly, who is customer service/reservation manager at US Airways, stated that he reviewed the passenger reservation record for Plaintiffs' itinerary. (*Id.* ¶¶ 1-2.) The declaration is inadmissible hearsay because Mr. Lyerly discusses the contents of unauthenticated records not before the Court. *See* Fed. R. Evid. 802. The declaration lacks foundation because Mr. Lyerly did not have independent personal knowledge whether Plaintiffs were onboard certain US Airways flights. *See* Fed. R. Evid. 602.

- 4 -

*Carey v. United Airlines*, 255 F.3d 1044 (9th Cir. 2001), cases that involved the Montreal Convention's predecessor, the Warsaw Convention. Both sides recognize that courts have regularly relied upon the case law developed under the Warsaw Convention to interpret analogous provisions under the Montreal Convention. *See Narayanan v. British Airways*, 747 F.3d 1125, 1127 (9th Cir. 2014) (noting that the Montreal Convention incorporated many of the Warsaw Convention's substantive provisions). In extending *Tseng*'s and *Carey*'s analysis involving the Warsaw Convention to the Montreal Convention, Defendants argue that the Montreal Convention completely preempts state law claims involving international air transportation. (US Airways' Opp'n at 6-7.)[3]

The Court agrees with Plaintiffs that Defendants' interpretation of *Tseng* and *Carey* conflates the doctrines of complete preemption and conflict preemption, with the latter providing an affirmative defense, not a basis for removal. (Doc. 23, Pls.' Mem. of P. & A. in Reply to US Airways' Opp'n ("Reply") at 6-10.) *Tseng* and *Carey* did not address removal issues involving complete preemption and the holdings in these cases are narrower than Defendants' suggest. In *Tseng*, the Supreme Court held that a passenger could not maintain state law claims for personal injury when those claims did not satisfy the conditions for liability under the Warsaw Convention. 525 U.S. at 176. The Supreme Court did not address whether state law claims might be brought when such conditions for liability were met. In *Carey*, the Ninth Circuit held that the Warsaw Convention provided the exclusive remedy for claims arising out of an air carrier's intentional or willful misconduct. 255 F.3d at 1051. While these cases clearly establish that the Warsaw Convention limited the availability of state law claims and remedies in certain settings, they cannot be read to interpret the Warsaw Convention as showing a clear congressional intent, through ratification, to convert all state law claims involving international air transportation into federal law claims. The Supreme Court has found complete

---

[3] Defendants' Opposition appears in an earlier docket entry than the Motion to Remand because the Court struck Plaintiffs' initial filing of the Motion (Doc. 9) as not complying with the local rules governing the formatting of pleadings. (Doc. 17, June 12, 2014 Order.)

1 preemption in other contexts expressly—for claims brought under (1) § 301 of the Labor
2 Management Relations Act; (2) § 502(a) of the Employee Retirement Income Security
3 Act of 1974; and (3) §§ 85 and 86 of the National Bank Act. *See Beneficial Nat. Bank v.*
4 *Anderson*, 539 U.S. 1, 6-11 (2003). The Court rejects Defendants' position that *Tseng* and
5 *Carey* show by analogy that the Montreal Convention completely preempts state law
6 claims.

7 The plain language of the Montreal Convention also runs counter to Defendants'
8 position. Article 29 of the Montreal Convention specifically contemplates that liability
9 may be based on other claims under contract or tort. Montreal Convention art. 29 ("any
10 action for damages, however founded, whether under this Convention or in contract or in
11 tort or otherwise, can only be brought subject to the conditions and such limits of liability
12 as are set out in this Convention . . ."). This language indicates that although the Montreal
13 Convention might limit the remedies available for state law contract or tort claims, the
14 Montreal Convention does not completely preempt those claims. The Court therefore
15 finds persuasive the numerous district court opinions from within the Ninth Circuit that
16 have concluded that the Montreal Convention does not completely preempt state law
17 claims but in this case may be an affirmative defense. *See, e.g.*, *Jensen v. Virgin Atl.*, No.
18 12-CV-06227 YGR, 2013 WL 1207962 (N.D. Cal. Mar. 25, 2013); *Nankin v. Cont'l*
19 *Airlines, Inc.*, No. CV 09-07851 MMM RZX, 2010 WL 342632 (C.D. Cal. Jan. 29,
20 2010); *Serrano v. Am. Airlines, Inc.*, No. CV08-2256 AHM (FFMX), 2008 WL 2117239
21 (C.D. Cal. May 15, 2008).

22 **III. CONCLUSION**

23 Because Defendants have failed to establish a valid basis for removal, the Court
24 remands the case to Maricopa County Superior Court. The Court expresses no opinion
25 whether Defendants might be successful in asserting an affirmative defense based on the
26 Montreal Convention.

27 **IT IS ORDERED** granting Plaintiffs' Motion to Remand (Doc. 18).
28 **IT IS FURTHER ORDERED** denying as moot Defendant US Airways' Motion

1 | to Dismiss or, in the Alternative, Motion for a More Definite Statement. (Doc. 11).

2 | **IT IS FURTHER ORDERED** denying as moot Plaintiffs' Motion to Stay Defendant US Airways' Motion to Dismiss Pending a Decision in Plaintiffs' Motion to Remand (Doc. 19).

**IT IS FURTHER ORDERED** remanding the case to Maricopa County Superior Court.

Dated this 26th day of June, 2014.

_____
Susan R. Bolton
United States District Judge